# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

LUIS GERARDO GARCIA                                                                PETITIONER
Reg #95616-279

vs.                             Civil Case No. 2:17cv-00070 DPM-JTK

GENE BEASLEY, *Warden*,
FCI-Forrest City Low                                                               RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Luis Garcia for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 1) Petitioner claims that he was "viciously attacked by another inmate," resulting in the denial and forfeiture of good time credits. (Docket Entry #1, at 2) Petitioner seeks to vacate the findings of the disciplinary hearing officer (DHO) and to restore twenty-seven (27) days of good-time credit that were forfeited pursuant to the

disciplinary action. Respondent filed a Response contending that the Petition should be denied. (Docket Entry # 11) [1]

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). According to Petitioner, on February 12, 2012, the United States District Court, Southern District of Texas (Brownsville Division) sentenced him to 175 months, followed by five (5) years of supervised released after he entered a plea of guilty to violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (Docket Entry #1, at 1)

The facts giving rise to this petition are that, on December 5, 2013, Petitioner was issued an incident report for fighting with his cellmate on November 29, 2013. (Docket Entries ## 11-1, Declaration of James D. Crook; 11-2, Attachment 1) On December 11, 2013, Petitioner was advised of his rights before the DHO and given notice of the disciplinary hearing. *Id.* He requested a staff representative but did not request any witnesses. *Id.*

Petitioner appeared before the DHO on January 16, 2014. At the hearing, Petitioner waived his right to staff representation and witnesses. *Id.* He denied the charges, but when asked if he wished to make a statement, Petitioner admitted his role in the fight and stated

---

[1] The Court provisionally granted petitioner IFP status pending payment of his $5 filing fee. The fee was never paid, although prison paperwork indicated that payment had been processed. Because it does not appear that the $5 filing fee was ever paid, and rather than dismissing the action for nonpayment, the Court grants Petitioner IFP status.

that he was only defending himself. *Id.* The DHO found that Petitioner committed the act as charged and provided a written statement of the evidence relied upon and the reasons for the disciplinary. *Id.* The DHO sanctioned Petitioner to fifteen (15) days disciplinary segregation, loss of twenty-seven (27) good time credits, and loss of ninety (90) days phone and visitation privileges. *Id.*

On August 15, 2016, Petitioner filed a Complaint in this district pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Garcia v. Haynes et. al*, Case No. 2:16-cv-00108-JJV-BSM.[2] The action was dismissed. He appealed to the Eighth Circuit Court of Appeals, who summarily affirmed the district court. He later filed this habeas action pursuant to 28 U.S.C. § 2241 on April 24, 2017.

There is no evidence provided that Petitioner exhausted his administrative remedies; nor has Respondant conceded such fact. Therefore, the current habeas claim is procedurally defaulted because Petitioner failed to exhaust his BOP administrative remedies; it is now too late to do so; and he has failed to show that it would have been futile to exhaust those remedies before seeking federal habeas review of the DHO's decision that deprived him of his twenty-seven (27) days of good time credit. Nor has Petitioner shown any other external cause for his failure to exhaust his administrative remedies in a timely and proper manner. Thus, having failed to show sufficient "cause and prejudice" to excuse his procedural fault,

---

[2]Subsequent to the Proposed Findings and Recommendations of United States Magistrate Judge Joe Volpe to Chief United States District Court Judge Brian S. Miller, the parties consented to the magistrate's jurisdiction.

the undersigned recommends that the current habeas petition be summarily dismissed with prejudice. Alternatively, even if Petitioner did exhaust his administrative remedies, he is not entitled to any relief.

## Discussion

It is well settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. *United States v. Chappel*, 208 F.3d 1069-1069-70 (8th Cir. 2000) (per curiam); *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974). If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process, by failing to pursue his administrative remedies in a proper and timely manner, his claims are procedurally defaulted. *Hach v. Anderson*, 191 Fed. App'x 511, 512 (8th Cir. 2006) (affirming district court's decision that petitioner had procedurally defaulted "by not timely exhausting his administrative remedies"); *see also Carmona v. United State Bureau of Prisons*, 243 F.3d 629, 633-34 (2nd Cir. 2001) (prisoner's § 2241 habeas claims were procedurally defaulted because he "did not fully pursue the appropriate administrative channels within the federal Bureau of Prisons following the disciplinary hearing"); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760-61 (3rd Cir. 1996) (prisoner claim procedurally defaulted where prisoner's final BOP appeal was untimely); *Sanchez v. Miller*, 792 F.2d 694, 697-99 (7th Cir. 1986) (prisoner claim procedurally defaulted where prisoner did not complete administrative appeal process before seeking habeas relief, and the deadline for completing that process expired before the habeas

petition was adjudicated), *cert. denied*, 479 U.S. 1056 (1987).

Procedurally defaulted claims will not be entertained in federal court, unless the prisoner is able to show "cause" for the default, and that actual prejudice will result if his claims are procedurally barred. *Carmona*, 243 F.3d at 634; *Moscato*, 98 F.3d at 761-62; *Sanchez*, 792 F.2d at 697-99. In order to satisfy the "cause" requirement to overcome procedural default, a prisoner must show that some "external impediment" prevent him from exhausting his administrative remedies in a proper and timely manner. *Moscato*, 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment," or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late"). "'[C]ause' under the cause and prejudice test is something *external* to the petitioner, something that cannot fairly be attributed to him ...; [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available ... or that some interference by officials made compliance impracticable.'" *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (emphasis in original) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

In this case, Petitioner has failed to demonstrate that he exhausted his administrative remedies with respect to the claims raised in his habeas corpus petition, and it is now too late for him to seek further review. Respondent does not discuss administrative exhaustion and does not concede that exhaustion occurred. Nor has Petitioner made any effort to explain why he supposedly should be excused from the exhaustion of administrative remedies

6

requirement. Thus, the undersigned finds that the claims are procedurally defaulted, that there has been no sufficient cause and prejudice to excuse the default, and that the petition should be summarily dismissed with prejudice.

Even if Petitioner exhausted his administrative remedies, the petition lacks merit. The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). A prisoner facing a loss of good time credits is not, however, entitled to the full panoply of procedural safeguards that attend a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. at 556. To satisfy the constitutional requirement of due process, a prison disciplinary action must satisfy only the simple procedural requirements prescribed in *Wolff*, which include: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v. Nix*, 12 F.3d 777, 780-81 (8th Cir. 1993) (citing *Wolff v. McConnell*, 418 U.S. at 563-67); *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)); *Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. 2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision). The decision of the prison DHO

is only required to be supported by "some evidence in the record." *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457; *see also Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) ("[w]hen inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.").

This Court finds that Petitioner was afforded the procedural benefits prescribed by *Wolff*, and notes that Petitioner did not claim otherwise. Petitioner was given written notice of the charges against him and signed an acknowledgment of those rights; he was advised of his rights by a staff member; he was given a hearing and an opportunity to have a staff member represent him and present evidence at that hearing; and he was given a written summary of the DHO's findings. (Docket Entries ##11-1 and 11-2) Further, the Court finds that the record in this case provides at least some evidence to support the DHO's determination that Petitioner committed the prohibited act of fighting. In fact, Petitioner admitted to engaging in the prohibited act. Therefore, the DHO's decision in this matter

should not be overturned by a writ of habeas corpus. *See Goff v. Dailey*, 991 F.2d 1437, 1442 (8th Cir. 1993) (the outcome of prisoner disciplinary proceedings will be upheld by the federal courts if it is supported by some evidence in the record).

## Conclusion

Based on the foregoing, it is recommended that the petition for writ of habeas corpus (Docket Entry #1) be summarily dismissed with prejudice for failure to exhaust administrative remedies. Alternatively, it is recommended that the petition be denied and dismissed with prejudice on the merits.

SO ORDERED this 23rd day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE